IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01126-BNB

MATTHEW T. ELLENBERG,

    Plaintiff,

v.

MR. S. BULINSKI,
MR. VANCE EVERITT, and
MR. M. CARPENTER,

    Defendants.

ORDER TO DISMISS IN PART AND TO DRAW
CASE TO A DISTRICT JUDGE AND MAGISTRATE JUDGE

    Plaintiff, Matthew T. Ellenberg, filed *pro se* a Prisoner Complaint (ECF No. 1) when he was a prisoner in the custody of the Colorado Department of Corrections (DOC) incarcerated at the Kit Carson Correctional Center in Burlington, Colorado.  He no longer is incarcerated, and appears to be on parole.  He has paid the $350.00 filing fee.

    On April 29, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 5) directing Mr. Ellenberg to file within thirty days an amended Prisoner Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 10.1 of the Local Rules of Practice for this Court, asserted the personal participation of each named Defendant, and sued the proper parties.  On May 29, 2013, Mr. Ellenberg filed an amended Prisoner Complaint for money damages and injunctive relief.

The Court must construe liberally the amended Prisoner Complaint because Mr. Ellenberg is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended Prisoner Complaint because Mr. Ellenberg was a prisoner when he initiated this lawsuit and he is seeking redress from officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the amended Prisoner Complaint, or any portion thereof, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated below, the amended Prisoner Complaint and the action will be dismissed in part as legally frivolous.

Mr. Ellenberg asserts three claims for relief arising from a strip search that occurred while he was imprisoned at the Kit Carson Correctional Center. As his first claim, Mr. Ellenberg asserts that Defendant S. Bulinski ordered and conducted a strip search, allegedly sexually harassing him in the process. Claim one will be drawn to a district judge and magistrate judge.

Claim two also asserted against Mr. Bulinski is vague and conclusory, fails to assert a constitutional violation, and cites only to alleged violations of the Colorado Revised Statutes and DOC administrative regulations. In the third claim, which also is vague and conclusory, Mr. Ellenberg is suing Defendant Carpenter for his response to Plaintiff's step-one grievance. Mr. Ellenberg fails to make any allegations against

Defendant Vance Everitt, warden of the Kit Carson Correctional Facility.

As Mr. Ellenberg was informed in the April 29 order for an amended Prisoner Complaint, personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). Magistrate Judge Boland explained that to establish personal participation, Mr. Ellenberg must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). Magistrate Judge Boland pointed out that a supervisory official may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, Mr. Ellenberg must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. at 1199.

3

Mr. Ellenberg has failed to do so as to Mr. Everitt, and clearly is suing him in his supervisory capacity as prison warden. Therefore, the claims against Mr. Everitt, if any, will be dismissed as legally frivolous pursuant to 1915A.

In claim three, Mr. Ellenberg is Mr. Carpenter for denying his step-one grievance. Mr. Ellenberg previously was informed in the April 29 order for an amended Prisoner Complaint that such allegations are not sufficient to hold a liable under § 1983. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Therefore, claim three will be dismissed as legally frivolous pursuant to 1915A.

As previously stated, claim two against Mr. Bulinski is vague and conclusory, fails to assert a constitutional violation, and cites only to alleged violations of the Colorado Revised Statutes and DOC administrative regulations. The Court is not a *pro se* party's advocate and must deny a claim based on vague or conclusory allegations. *Hall*, 935 F.3d at 1110. Although the amended Prisoner Complaint must be construed liberally, the Court will not construct legal arguments for a *pro se* litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In the order for an amended Prisoner Complaint, Mr. Ellenberg was advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). He has failed to do so. Claim two will be dismissed as legally frivolous pursuant to § 1915A.

Accordingly, it is

ORDERED that claims two and three are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A.  It is

FURTHER ORDERED that Defendants Vance Everitt and M. Carpenter are dismissed as parties to this action.  It is

FURTHER ORDERED that claim one asserted against Defendant S. Bulinski and the case are drawn to a district judge and a magistrate judge.  Claim one is the only remaining claim asserted against Mr. Bulinski, the only remaining Defendant.

DATED July 3, 2013, at Denver, Colorado.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court